IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES LAKIN,

    Plaintiff,

v.

CASEY'S RETAIL d/b/a/
CASEY'S GENERAL STORE, INC. #1972
an Iowa Corporation, and

TANYA POWELL                               Case No. 14-cv-648-DRH-DGW

    Defendants.

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

    The issue before the Court is the determination of whether federal diversity jurisdiction under 28 U.S.C. § 1332 exists following the addition of Defendant Tanya Powell. As the Court is obligated to raise *sua sponte* whether it has subject matter jurisdiction over this case, this matter must be addressed prior to ruling on the pending motion to dismiss. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings")). For the reasons stated below, this matter is **REMANDED** to the Third Judicial Circuit Court, Madison County, Illinois and defendants' motion to dismiss is **DENIED as moot.**

I.       INTRODUCTION AND BACKGROUND

This action was filed on May 1, 2014 in Madison County Circuit Court. Plaintiff's complaint arises from alleged injuries resulting from a slip and fall occurring on the premises of a Casey's store located in Highland, IL. Plaintiff asserts that he fell on the wet floor of the Casey's and suffered injuries, the most severe of which being injuries to his right shoulder (Doc. 22).

On June 5, 2014, Casey's removed the case to this Court asserting diversity jurisdiction under 28 U.S.C. § 1446 (Doc. 2). Thereafter, plaintiff's sought leave to file a first amended complaint and to add an additional party defendant. Plaintiff filed the first amended complaint on March 27, 2015, adding Tanya Powell, the Casey's store manager, as a party (Doc 22). Subsequently, defendants moved to dismiss Tanya Powell and Count II of plaintiff's complaint pursuant to pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) arguing that the complaint fails to establish a duty on the part of defendant Powell separate from that of Casey's (Doc. 26).

Plaintiff asserted that "Defendant owed Plaintiff, a business invitee and patron, a duty of care insofar that Defendant had a duty to keep the premises in a reasonably safe condition, and to properly train her employees." (Id. at p. 4, ¶4). However, before considering the motion to dismiss, the Court must raise *sua sponte* whether subject matter jurisdiction exists over this case. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed,

raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings")).

## II.     LAW AND APPLICATION

Defendants removed this case on the basis of diversity jurisdiction (Doc. 2). The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. The removal statute, 28 U.S.C. § 1441, is construed narrowly; thus, doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

Joinder of non-diverse parties after an action has been removed to federal court is governed by 28 U.S.C. § 1447(e). 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). In exercising its discretion, a district court should consider the following factors: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Id.*

Here, the Court previously granted plaintiff's motion to amend. Upon review of the record, for purposes of 28 U.S.C. § 1332, defendant Powell, as well as plaintiff, are citizens of the state of Illinois. Defendant Casey's is a citizen of Iowa—the place of its incorporation and principal place of business (Doc. 2 at ¶4). Therefore, the issue of jurisdiction requires a determination as to whether Plaintiff's claim against defendant Tanya Powell satisfies the *Schur* factors.

### i. **Plaintiff's Motive for Seeking Joinder**

A plaintiff may not join a non-diverse defendant simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir.1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir.1993). Specifically, the Court must determine whether "there [is] any reasonable possibility" that the plaintiff could prevail against the non-diverse party. *Schur*, 577 F.3d at 764.

In plaintiff's amended complaint, he asserts that defendant Powell "owed Plaintiff, a business invitee and patron, a duty of care insofar that Defendant had a duty to keep the premises in a reasonably safe condition and to properly train her employees" (Doc. 22). Plaintiff went on to allege that Powell specifically "failed to train her employees to clean up liquid spills on the floor, in a timely manner." Further, plaintiff maintains that Powell had specific responsibilities to this plaintiff, a store patron, since Powell "controlled and/or managed and operated a gas station/general store located at 315 Broadway, in the City of Highland, County

of Madison, and in the State of Illinois, for the corporate Defendant." (Doc. 22, p. 4).

Plaintiff's claims are governed by Illinois substantive law. Accordingly, the Court need not undertake a lengthy choice-of-law analysis and may presume that the claims are governed by the substantive law of Illinois. *See Employers Mut. Cas. Co. v. Skoutaris*, 453 F.3d 915, 923 (7th Cir.2006) (where neither party raised conflict of law issue in diversity action, law of forum state governed). Illinois law allows a plaintiff to maintain a cause of action against a store, a store's manager, or both, on the grounds that they can be found jointly and severally liable. *Lasko v. Meier*, 394 Ill. 71, 67 N.E.2d 162, 166 (Ill.1946)). A person is not absolved of personal liability to a third party merely because he or she was acting as an employee within the scope of employment at the time of the incident. As store manager of Casey's, Powell served as an agent of Casey's.

Under general principles of agency, an agent's breach of a duty to the principal is not itself a basis for holding the agent liable in tort to a third party. However, the Restatement (Third) of Agency § 7.01 states that "an agent is subject to liability to a third party harmed by the agent's tortious conduct… An actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope employment." Restatement (Third) of Agency § 7.01 (2006).  The comments to § 7.01 go on to state that "an agent's individual tort liability extends to negligent acts and omissions as well as to intentional conduct." Restatement (Third) of Agency § 7.01, cmt. b (2006). Powell will not be held liable simply for being a manager at the Casey's store, but

she may be held liable for breaching an independent duty owed to plaintiff. *Bovan v. Am. Family Life Ins. Co.,* 897 N.E.2d 288, 295 (quoting Restatement (Third) of Agency § 7.02, at 138 (2006)); *Schur,* 577 F.3d at 766.

The Seventh Circuit directs this Court to use a "reasonable possibility" standard to determine if plaintiff could prevail against Powell. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992). When construing the facts and law in a light most favorable to the plaintiff, the Court finds a reasonable possibility that an Illinois state court could rule against Powell on an independent state tort claim. Plaintiff alleges that his injury was caused by Powell's negligent failure to train her employees, specifically stating that Powell breached a duty of care owed to the plaintiff (Doc. 22, pg 4). The Court cannot determine whether that duty to plaintiff existed on such a limited factual record. For the purposes of deciding if remand is necessary, it is enough to note that Illinois law may establish an independent duty based on a delegation of the premise owner's duties toward invitees in the case of negligence against a store manager.

Therefore, the Court finds that plaintiff's purpose was not to defeat jurisdiction and that plaintiff timely moved to add the parties. Thus, under 28 U.S.C. § 1447(e), the Court finds that remand is proper. See e.g., *Knebel v. Wal-Mart Stores, Inc.*, No. 09-CV-262-WDS, 2009 WL 3124769, at *3 (S.D. Ill. Sept. 24, 2009); *Chuffo v. Ramsey*, 55 F.Supp.2d 860, 867 (N.D.Ill.1999).

### ii. **Remaining Factors**

The remaining factors under *Schur* also permit joinder of Powell. First, the Plaintiff's request for leave to amend was not untimely. In submitting an amended

Scheduling Order, the parties agreed to March 9, 2015 as the last date to seek leave to join additional parties or to amend the pleadings— the date plaintiff actually sought leave to amend (Doc. 20).

Second, the work accomplished in the gathering of discovery by each side in this case can easily be applied to the state action. Defendants are not prejudiced by remanding this action to the forum in which it belongs. However, Plaintiff would be hampered if joinder is not permitted to allow him to pursue his claims against the recently added defendant.

Accordingly, because the Court lacks subject matter jurisdiction over plaintiff's first amended complaint, the Court, pursuant to 28 U.S.C. § 1447(e), **REMANDS** this matter to the Third Judicial Circuit Court, Madison County, Illinois. Lastly, the Court **DENIES** as moot the pending motion to dismiss (Doc. 26).

**IT IS SO ORDERED.**

**Signed this 4th day of September, 2015.**

Digitally signed by David R. Herndon
Date: 2015.09.04 15:43:39 -05'00'

**United States District Judge**